FILED

2016 Oct-21  PM 04:22
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT A



AlaFile E-Notice

To:   THOMAS A. MCKNIGHT JR.
      tmcknight@wallacejordan.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

DJR ASSOCIATES, LLC V. TERRY HAMMONDS ET AL
01-CV-2016-903795.00

The following complaint was FILED on 10/13/2016 3:59:18 PM

Notice Date:     10/13/2016 3:59:18 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov

ELECTRONICALLY FILED
10/13/2016 3:58 PM
01-CV-2016-903795.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93 Rev.5/99 | COVER SHEET<br>CIRCUIT COURT - CIVIL CASE<br>(Not For Domestic Relations Cases) | Cas<br>01 |
|---|---|---|

Date of Filing:      Judge Code:
10/13/2016

## GENERAL INFORMATION

### IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
### DJR ASSOCIATES, LLC v. TERRY HAMMONDS ET AL

**First Plaintiff:** ☑ Business ☐ Individual     **First Defendant:** ☐ Business ☑ Individual
☐ Government ☐ Other                 ☐ Government ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☐ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Properly

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Service

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/ Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☑ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/ Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:** F ☑ INITIAL FILING    A ☐ APPEAL FROM DISTRICT COURT    O ☐ OTHER

         R ☐ REMANDED    T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?** ☐ YES ☑ NO    **Note:** Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P. for procedure)

**RELIEF REQUESTED:** ☑ MONETARY AWARD REQUESTED ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**

    MCK055          10/13/2016 3:58:55 PM          /s/ THOMAS A. MCKNIGHT JR.
                         Date                          Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:** ☐ YES ☑ NO ☐ UNDECIDED



ELECTRONICALLY FILED
10/13/2016 3:58 PM
01-CV-2016-903795.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

# IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | | |
|---|---|---|
| **DJR ASSOCIATES, LLC** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.:** _____ |
| | ) | |
| **TERRY HAMMONDS and** | ) | |
| **SPI CHEMICALS, LLC** | ) | |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT AND REQUEST FOR PRELIMINARY AND PERMANENT INJUNCTION

COMES NOW the Plaintiff DJR Associates, LLC ("Plaintiff"), by and through the undersigned counsel, in the above-styled cause and pleads the following as its Complaint against Defendants Terry Hammonds and SPI Chemicals, LLC (collectively "Defendants"), stating as follows:

### PARTIES

1.      Plaintiff is an Alabama limited liability company, with its principal place of business located in Jefferson County, Alabama.

2.      Plaintiff does business through the trade name "ChemStation".

3.      Terry Hammonds ("Hammonds") is an adult resident citizen of Georgia, who, upon information and belief, resides in Atlanta, Georgia.

4.     SPI Chemicals, LLC ("SPI") is a Georgia limited liability company, with its principal place of business located at 211 Avenue C, Carrollton, Georgia 30117.

5.     Upon information and belief, Hammonds is a co-owner of SPI and serves as its President.

## JURISDICTION AND VENUE

6.     This Court has jurisdiction over the subject matter of this action pursuant to Alabama Code §12-11-30.

7.     This Court has personal jurisdiction over the Defendants because their offending conduct made the basis of this lawsuit occurred, in part, within and was purposefully directed towards causing damages in Jefferson County, Alabama. Moreover, Hammonds worked out of Plaintiff's Birmingham office from approximately June 2010 to June 2012, but he was still supervised by the Birmingham office following his move to the Atlanta, Georgia market in June 2012. The products Hammonds sold for Plaintiff were often distributed from the Birmingham facility; all back-office support services for Hammonds' work with Plaintiff were based in the Birmingham office; and all wages, commissions, and expense reimbursements were processed and paid by the Birmingham office to Hammonds.

8.    The subject Confidentiality and Non-Solicitation Agreement made the basis of this lawsuit and discussed more fully below contains a forum selection clause in Paragraph 6(d) which states: "**THE PARTIES HERETO AGREE TO THE JURISDICTION OF THE STATE AND FEDERAL COURTS OF JEFFERSON COUNTY, ALABAMA FOR RESOLVING ANY DISPUTE ARISING IN CONNECTION WITH THIS AGREEMENT**." (emphasis in original).  A true and accurate copy of this Agreement is attached to the Affidavit of Rusty Favorite and is incorporated herein as Exhibit A-1.

9.    Venue is proper in this Court pursuant to Alabama Code §§ 6-3-2 and 6-3-7 and Rule 82(b) because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in Jefferson County, Alabama.  Moreover, Hammonds consented to this Court's jurisdiction, as set forth above in paragraph 8.

## FACTS

10.    The facts set out herein are supported by the Affidavit of Plaintiff's Owner and President, Rusty Favorite.  (*See* Exhibit A.)

## Plaintiff's Business

11.    Plaintiff manufactures and distributes environmentally friendly commercial and industrial cleaning products.

12.     Plaintiff sells many of its industrial cleaning products in bulk, via refillable containers, maintained at the customer's facility.

13.     Other cleaning products are delivered in smaller containers or packages to Plaintiff's customers.

14.     Plaintiff provides such products to customers located primarily in Alabama, Mississippi, and Georgia (north of Macon).

### Hammond's Employment

15.     On or about June 9, 2010, Plaintiff hired Hammonds as a sales and customer service representative for the Birmingham, Alabama market.

16.     As consideration for his continued employment with Plaintiff, Hammonds executed a Confidentiality and Non-Solicitation Agreement on or about October 8, 2012 (the "Agreement").  *See* Exhibit A-1 to the Affidavit of Rusty Favorite.

17.     Hammonds had previously executed other similar agreements with Plaintiff.

18.     Those prior agreements were replaced by the October 8, 2012 Agreement, which contains a merger clause in Paragraph 6(b).

19.     Hammonds signed the October 8, 2012 Agreement.

20.     Two of Plaintiff's employees witnessed Hammonds' signature on the Agreement -- Joe Wilbanks and his son, Joseph "BJ" Wilbanks.

21.     Hammonds moved from Birmingham, Alabama to Atlanta, Georgia the summer of 2012 and continued his employment with Plaintiff thereafter.

22.     Throughout Hammonds employment with Plaintiff, Hammonds learned through training and on-the-job experience Plaintiff's Confidential Information relating to customer lists, customer contact information, product pricing, product profit margins, and product chemical composition information.

23.     On or about January 11, 2016, Hammonds submitted his resignation with Plaintiff.

24.     Hammonds' last work with Plaintiff occurred during January 2016.

25.     During January 2016, Plaintiff paid Hammonds all final wages, commissions, and benefits he was due.

### The Terms of the Agreement

26.     The Agreement contains a continued employment consideration recital which states:

> . . . **Employer is willing to employ or continue to employ the Employee only if**, pursuant to this Agreement, **the Employee agrees to hold in confidence and not disclose or use any Confidential Information** for any purpose other than those enumerated in this Agreement, **and further agrees not to solicit Employer's unique**

**business relationships** for any purpose inconsistent with the terms of this Agreement.

*See* Exhibit A-1, p. 1 (emphasis added).

27.    The Agreement defines "Confidential Information" to include, in part,

the following:

(1) any information concerning former, current or prospective customers of the Employer or any Affiliate including, without limitation (A) any list or other compilation of such customers, (B) any requirements, needs or specifications of a customer for products or services, (C) the products and related services which the Employer or an Affiliate has sold or attempted to sell to any such customer, . . . ; (2) training procedures, materials and manuals; (3) pricing methods, fee structures, billing and collection procedures, materials and manuals; (4) sales and marketing methods, promotional materials and market research; (5) financial information and statements; (6) personnel information, employee evaluations and employee compensation information; and (7) "Trade Secrets" as that term is defined in the Alabama Trade Secrets Act (Code of Alabama, 1975 § 8-27-1, *et seq.*).

*Id.* at ¶ 1.

28.    The Agreement contains a Confidentiality Covenant which states:

The Employee hereby acknowledges that, as a necessary result of the Employee's position with the Employer and the nature of the duties assigned to the Employee as an employee of the Employer, Confidential Information shall be disclosed or otherwise made available to the Employee solely for the purpose of enabling the Employee to perform such duties. **From and after the date of this Agreement, the Employee shall hold all Confidential Information in confidence and shall not**:

(a)    communicate or disclose Confidential Information to any party

other than (1) the Employer and the Affiliates, (2) the employees of the Employer and the Affiliates who are authorized to receive such Confidential Information, or (3) a party to whom such communication or disclosure has been authorized by the Employer or an Affiliate;

(b)     duplicate, copy or make any record of any Confidential Information without the prior written authorization of the employer or an Affiliate; and

(c)     **use any Confidential Information for the benefit of the Employee or any party other than the Employer and the Affiliates or for any purpose other than the performance of the Employee's duties as an employee of the Employer.**

**Immediately upon the termination of the Employee's employment with the Employer for any reason, the Employee shall return to the Employer all Confidential Information then in the Employee's possession.**

*Id.* at ¶ 2 (emphasis added).

29.     The Agreement prohibits Hammond from soliciting Plaintiff's customers for a period of two (2) years:

In further consideration of Employee's employment with Employer and the Confidential Information disclosed or otherwise made available to the Employee, **Employee further agrees not to solicit Employer's business relationships as follows**:

(a)     **Nonsolicitation**.  The Employee agrees that, during the term of Employee's employment with the Employer **and for a period of two (2) years thereafter**, Employee will not, directly or indirectly, either individually or as a stockholder, director, officer, consultant, independent contractor, employee, agent, member, or otherwise of or through any corporation, partnership, company,

association, joint venture, firm or other entity, or in any other capacity:

. . .

(2) **sell or offer to sell any product or service similar in kind to those offered by Employer to any client or customer of the Employer within the states of Alabama, Mississippi, or Georgia from Macon northward**.

*Id.* at ¶ 3 (emphasis added).

30. The Agreement provides for the recovery of attorneys' fees by Plaintiff: "In the event the Employer initiates any legal action as a result of Employee's default under this Agreement, the **Employer shall be entitled to recover from the Employee its reasonable attorneys' fees** and all other costs incurred by it in connection with such legal action." *Id.* at ¶ 4 (emphasis added).

31. Hammonds stipulated to the reasonableness of the Agreement's terms in Paragraph 3(b).

32. On January 26, 2016, following Hammonds' resignation, counsel for Plaintiff wrote to Hammonds and SPI, reminding Hammonds of his obligations under the Agreement. A true and accurate copy of this letter is attached to the Affidavit of Rusty Favorite as Exhibit A-2 and is incorporated herein.

33. Counsel for Hammonds responded to this letter on February 2, 2016 with a letter wherein he stated, in part, that "Hammonds has every intention to comply with

the terms of the applicable agreement that are enforceable against him." A true and accurate copy of this letter is attached to the Affidavit of Rusty Favorite as Exhibit A-3 and is incorporated herein.

## Hammonds' Violation of the Agreement

34.     Despite Hammonds' representation that he would not solicit Plaintiff's customers located in Alabama, Mississippi, and Georgia (north of Macon) for a period of two (2) years, Hammonds has contacted many of Plaintiff's customers located in these states since his resignation with Plaintiff.

35.     Plaintiff Hammonds has been contacting Plaintiff's customers via telephone and in-person since his resignation with Plaintiff in an effort to sell them SPI products.

36.     Hammonds has, since his resignation, emailed Plaintiff's customers to sell them SPI products offered by Plaintiff.

37.     Defendants have tried to match the color and composition of their products to those of Plaintiff for purposes of competing with Plaintiff for Plaintiff's customers.

38.     Upon information and belief, Hammonds has kept and maintained a customer list and/or customer contact information for Plaintiff's customers, electronic or otherwise, following his resignation with Plaintiff.

39.     Upon information and belief, Hammonds has, since his resignation, made business proposals on behalf of SPI to some of Plaintiffs' customers located in Alabama, Mississippi, and Georgia (north of Macon).

40.     For example, Harrison Poultry has been a valuable customer of Plaintiff for several years.

41.     SPI, since January 2016, has been selling products to Harrison Poultry which are similar to the products Plaintiff has historically provided to Harrison Poultry.

42.     Upon information and belief, Hammonds, either individually or by and through his agents, contacted Harrison Poultry following his resignation for purposes of selling SPI product to Harrison Poultry.

43.     Likewise, Gourmet Culinary Solutions has been a valuable customer of Plaintiff for several years.

44.     SPI, since January 2016, has been selling products to Gourmet Culinary Solutions which are similar to the products Plaintiff has historically provided to Gourmet Culinary Solutions.

45.     Upon information and belief, Hammonds, either individually or by and through his agents, contacted Gourmet Culinary Solutions following his resignation for purposes of selling SPI product to Gourmet Culinary Solutions.

46.     Indeed, Gourmet Culinary Solutions informed Plaintiff in September

2016 that it has transitioned certain chemical and cleaning product purchasing to SPI; it no longer wished to purchase such products from Plaintiff; and Plaintiff was to remove its storage tanks from Gourmet Culinary Solutions' premises.

47.     Gourmet Culinary Solutions further informed Plaintiff that, following Plaintiff's removal of the tanks, Hammonds would be installing SPI-dedicated tanks on-site.

48.     Thus, due to Hammonds' conduct, Plaintiff has lost a valuable customer to Hammonds' new company, SPI.

49.     Such conduct is a clear breach of the Agreement by Hammond.

50.     Upon information and belief, Hammonds has utilized Plaintiff's Confidential Information relating to customer lists, customer contact information, product pricing, product profit margins, and product chemical composition information since his resignation with Plaintiff to solicit these and other customers of Plaintiff.

51.     Upon information and belief, SPI has, since January 2016, been the sole product manufacturer and distributor for Hammonds' sales efforts to Plaintiff's customers.

52.     Plaintiff has been damaged by the conduct of Defendants and has suffered the following:  lost customers, lost profits, decreased market share and goodwill, decreased profit margins, and other damages determined by the trier of fact,

including but not limited to, compensatory and punitive damages, as well as reasonable attorneys' fees, interest, and costs.

53.     The Defendants' intentional and fraudulent conduct in pirating-away Plaintiff's customers, while Hammonds was under a fiduciary duty not to use Confidential Information to solicit Plaintiff's customers, has caused willful and malicious injury to Plaintiff.

## COUNT I - BREACH OF CONTRACT (HAMMONDS)

54.     Plaintiff re-alleges the preceding paragraphs as if fully set forth herein.

55.     Plaintiff and Hammonds entered into a lawful and binding contract, previously set forth herein as the "Agreement".

56.     Plaintiff offered valuable consideration to enforce the Agreement by allowing continued employment to Hammonds.

57.     Hammonds accepted the terms of the Agreement by continuing his employment until his resignation in January 2016.

58.     Hammonds stipulated in the Agreement that its terms were reasonable.

59.     Hammonds executed the Agreement.

60.     The Agreement prohibits Hammonds from using Plaintiff's Confidential Information "for the benefit of the Employee or any party other than the Employer and the Affiliates or for any purpose other than the performance of the Employee's

duties as an employee of the Employer." *See* Exhibit A-1 ¶ 2(c).

61.     Nor is Hammonds permitted under the Agreement to possess such Confidential Information following his resignation, absent written authorization from Plaintiff. *Id.* at 2(b).

62.     Hammonds is prohibited under the Agreement from soliciting business from any of Plaintiff's customers located in Alabama, Mississippi, or Georgia (north of Macon) for a period of two (2) years following his resignation.

63.     That two (2) year time frame runs through January 2018.

64.     Hammonds has breached these and other covenants under the Agreement, despite representing in writing to Plaintiff that he intended to abide by the terms of the applicable Agreement.

65.     Hammonds has materially breached and will continue to breach the Agreement unless restrained by this Court.

66.     Given that Plaintiff cannot replace customers stolen by Hammonds, Plaintiff has suffered and will continue to suffer irreparable harm and damages as a result of Hammonds' failure to comply with the terms of the Agreement.

67.     Unless enjoined by the Court by way of a preliminary and permanent injunction, Hammonds' breaches of the Agreement will continue to injure Plaintiff, and there is no adequate remedy at law.

68.     In addition, and as a result of Hammonds' actions, Plaintiff has suffered damages in an amount to be determined by the trier of fact, including compensatory damages, interest, costs, expenses, and attorneys' fees.

## COUNT II - BREACH OF FIDUCIARY DUTIES (HAMMONDS)

69.     Plaintiff re-alleges the preceding paragraphs as if fully set forth herein.

70.     Hammonds owed a duty to Plaintiff to act with due regard to its interests and with the utmost good faith and loyalty.

71.     This duty required Hammonds to, among other things, not act in any manner adverse to Plaintiff's interests; to maintain the confidence and secrecy of Plaintiff's customer information; and to not disclose such information to Plaintiff's competitors, such as SPI.

72.     Upon information and belief, Hammonds breached his fiduciary duties to Plaintiff by possessing and unlawfully using Confidential Information relating to Plaintiff's customers following his employment separation with Plaintiff.

73.     Upon information and belief, Hammonds has used this Confidential Information to solicit business from Plaintiff's customers.

74.     Upon information and belief, Hammonds has provided this Confidential Information to SPI for the purpose of pirating-away Plaintiff's customers.

75.     Plaintiff is entitled to injunctive relief, including but not limited to a

preliminary and permanent injunction, enjoining Hammonds from any further breaches of fiduciary duties and from any further use or disclosure of Plaintiff's Confidential Information.

76.     In addition, and as a result of Hammonds' actions, Plaintiff has suffered damages in an amount to be determined by the trier of fact, including both compensatory and punitive damages.

## COUNT III - INTENTIONAL INTERFERENCE WITH BUSINESS AND CONTRACTUAL RELATIONS (SPI)

77.     Plaintiff re-alleges the preceding paragraphs as if fully set forth herein.

78.     Plaintiff has a protectable business interest in its customer Confidential Information, business relationships, and accounts receivable revenue stream that exists with its customers.

79.     Defendants Hammonds and SPI knew or should have known that Plaintiff had these protectable interests in its customers.

80.     Following Hammonds' resignation from his employment with Plaintiff, he was a "stranger" to Plaintiff's customer relationships.

81.     Upon information and belief, Defendant SPI has, since Hammonds resigned his employment with Plaintiff, been actively soliciting customers of Plaintiff within the prohibited geographic area.

82.     Upon information and belief, SPI has solicited such customers by and through the actions of Hammonds or his agents.

83.     SPI has delivered its product to certain customers of Plaintiff since Hammonds resigned his employment with Plaintiff.

84.     SPI has received payment for the product it delivered to customers of Plaintiff during 2016.

85.     SPI has pirated-away at least two of Plaintiff's customers since Hammonds resigned from Plaintiff.

86.     Plaintiff has suffered damages as a result of SPI and Hammonds' tortious interference with Plaintiff's business and contractual relations including compensatory damages, punitive damages, costs, and all other damages awarded by the trier of fact.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment and other relief against the Defendants as follows:

a.     a preliminary and permanent injunction encompassing the following relief:

I.     specifically enjoining Hammonds, and all those acting in concert with him and/or on his behalf, from soliciting, by mail, electronic means, by phone, by personal meeting, or by any other means,

either directly or indirectly, any customer of Plaintiff located in Mississippi, Alabama, or Georgia (north of Macon) until January 11, 2018. For the purposes hereof, "soliciting" means initiating or having any contact or communication, of any kind whatsoever, for the purpose of inviting, encouraging, or requesting any customer to: (1) transfer their business from Plaintiff; (2) open new customer accounts with SPI; (3) transact any business with SPI or another organization that competes with Plaintiff; or (4) otherwise discontinue the customer's patronage and business relationship with Plaintiff;

ii.     requiring Hammonds to immediately return all documents, material, including but not limited to cell phone contact lists, and/or other information (physical or electronic) which he took, removed, received, or copied from Plaintiff which contained any customer information (including names, addresses, account numbers, or account information) and any other confidential or proprietary information;

iii.    specifically enjoining Hammonds from any further breaches of his fiduciary obligations to keep information about Plaintiff's

business and customers confidential, and enjoining Hammonds
from any further use or disclosure of such information to SPI or
any of its employees or representatives; and

iv.     finding that Defendants' conduct in pirating-away Plaintiff's
customers, while Hammonds was under a fiduciary duty not to
use Confidential Information to solicit Plaintiff's customers, was
both intentional and fraudulent and has caused willful and
malicious injury to Plaintiff.

b.     all compensatory, consequential, and foreseeable damages that Plaintiff
is entitled to for Defendants' above-described actions;

c.     pre-judgment interest;

d.     attorneys' fees, costs and expenses expended, to be petitioned for post-
verdict by separate motion;

e.     punitive damages; and

f.     all other and further relief to which Plaintiff may be entitled as the trier
of fact deems just and proper.

Respectfully submitted this 13th day of October 2016.

/s/ Thomas A. McKnight, Jr.
Thomas A. McKnight, Jr. (MCK055)
tmcknight@wallacejordan.com
Ben B. Robinson (ROB181)
brobinson@wallacejordan.com
Attorneys for the Plaintiff
DJR Associates, LLC d/b/a
ChemStation of Alabama

**OF COUNSEL:**

**WALLACE, JORDAN, RATLIFF & BRANDT, L.L.C.**
Post Office Box 530910
Birmingham, Alabama 35253
Telephone: (205) 870-0555
Facsimile: (205) 871-7534
**PLEASE SERVE DEFENDANTS VIA CERTIFIED MAIL AT:**

Mr. Terry Hammonds
195 14th Street NE, Unit 1907
Atlanta, GA 30309

SPI Chemicals, LLC
c/o Thomas E. Raines, Registered Agent
3740 Da Vinci Court, Suite 430
Norcross, GA 30092



ELECTRONICALLY FILED
10/13/2016 3:58 PM
01-CV-2016-903795.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

# Exhibit A

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**

| | |
|---|---|
| **DJR ASSOCIATES, LLC** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )   **Case No.:** _____ |
| | ) |
| **TERRY HAMMONDS and** | ) |
| **SPI CHEMICALS, LLC** | ) |
| | ) |
| **Defendants.** | ) |

---

## AFFIDAVIT OF RUSTY FAVORITE

---

| | |
|---|---|
| **STATE OF ALABAMA** | ) |
| | ) |
| **COUNTY OF JEFFERSON** | ) |

Before me personally appeared Rusty Favorite, who being by me first duly sworn, deposed and said under oath as follows:

1.    My name is Rusty Favorite. I am over the age of nineteen years, am of sound mind, and have personal knowledge of the facts stated herein. I am the owner and president of Plaintiff DJR Associates, LLC ("Plaintiff") and have held these positions at all times relevant to the employment of Terry Hammonds ("Hammonds") and at all times since his resignation. I understand that this affidavit is being used in

connection with the above litigation filed by Plaintiff against Hammonds and his new company, SPI Chemicals, LLC ("SPI").

2. Plaintiff manufactures and distributes environmentally friendly commercial and industrial cleaning products. Plaintiff sells many of its industrial cleaning products in bulk, via refillable containers, maintained at the customer's facility. Other cleaning products are delivered in smaller containers or packages to Plaintiff's customers. Plaintiff provides such products to customers located primarily in Alabama, Mississippi, and Georgia (north of Macon).

3. On or about June 9, 2010, Plaintiff hired Hammonds as a sales and customer service representative for the Birmingham, Alabama market. As consideration for his continued employment with Plaintiff, Hammonds executed a Confidentiality and Non-Solicitation Agreement on or about October 8, 2012 (the "Agreement"). *See* Exhibit 1. Exhibit 1 is a true and accurate copy of the Agreement which Plaintiff has maintained in the regular course of its business.

4. Hammonds had previously executed other similar agreements with Plaintiff. Those prior agreements were replaced by the October 8, 2012 Agreement, which contains a merger clause in Paragraph 6(b). Hammonds signed the October 8, 2012 Agreement. *See* Exhibit 1. Two of Plaintiff's employees witnessed Hammonds' signature on the Agreement – Joe Wilbanks and his son, Joseph "BJ" Wilbanks.

5. Hammonds moved from Birmingham, Alabama to Atlanta, Georgia the summer of 2012 and continued his employment with Plaintiff thereafter.

6. Throughout Hammonds employment with Plaintiff, Hammonds learned through training and on-the-job experience Plaintiff's Confidential Information relating to customer lists, customer contact information, product pricing, product profit margins, and product chemical composition information.

7. On or about January 11, 2016, Hammonds submitted his resignation with Plaintiff. Hammonds' last work with Plaintiff occurred during January 2016. During January 2016, Plaintiff paid Hammonds all final wages, commissions, and benefits he was due.

8. On January 26, 2016, following Hammonds' resignation, counsel for Plaintiff wrote to Hammonds and Defendant SPI, Hammonds's new employer, reminding Hammonds of his obligations under the Agreement. *See* Exhibit 2 to Plaintiff's Complaint. Exhibit 2 is a true and accurate copy of Plaintiff's letter which Plaintiff has maintained in the regular course of its business.

9. Counsel for Hammonds responded to Plaintiff's letter on February 2, 2016 with a letter wherein he stated, in part, that "Hammonds has every intention to comply with the terms of the applicable agreement that are enforceable against him." *See* Exhibit 3 to Plaintiff's Complaint. Exhibit 3 is a true and accurate copy of the

letter from Hammonds' counsel which Plaintiff has maintained in the regular course of its business.

10.     Despite Hammonds' representation that he would not solicit Plaintiff's customers located in Alabama, Mississippi, and Georgia (north of Macon) for a period of two (2) years, Hammonds has contacted many of Plaintiff's customers located in these states via telephone, email, and in-person since his resignation with Plaintiff in an effort to sell them products from SPI that are also offered by Plaintiff. To the best of my knowledge, information, and belief, Hammonds kept and maintained a customer list and/or customer contact information for Plaintiff's customers, electronic or otherwise, following his resignation with Plaintiff.

11.     For example, Harrison Poultry has been a valuable customer of Plaintiff for several years. SPI, since January 2016, has been selling products to Harrison Poultry which are similar to the products Plaintiff has historically provided to Harrison Poultry. To the best of my knowledge, information, and belief, Hammonds, either individually or by and through his agents, contacted Harrison Poultry following his resignation for purposes of selling SPI product to Harrison Poultry.

12.     Likewise, Gourmet Culinary Solutions has been a valuable customer of Plaintiff for several years. SPI, since January 2016, has been selling products to Gourmet Culinary Solutions which are similar to the products Plaintiff has

historically provided to Gourmet Culinary Solutions. To the best of my knowledge, information, and belief, Hammonds, either individually or by and through his agents, contacted Gourmet Culinary Solutions following his resignation for purposes of selling SPI product to Gourmet Culinary Solutions. Indeed, Gourmet Culinary Solutions informed Plaintiff in September 2016 that it has transitioned certain chemical and cleaning product purchasing to SPI; it no longer wished to purchase such products from Plaintiff; and Plaintiff was to remove its storage tanks from Gourmet Culinary Solutions' premises. Gourmet Culinary Solutions further informed Plaintiff that, following Plaintiff's removal of the tanks, Hammonds would be installing SPI-dedicated tanks on-site. Thus, due to Hammonds' conduct, Plaintiff has lost a valuable customer to Hammonds' new company, SPI.

13.     Plaintiff has also learned that Defendants Hammonds and SPI have tried to match the color and composition of their products to those of Plaintiff for purposes of competing with Plaintiff for Plaintiff's customers.

14.     Hammonds's conduct with respect to Harrison Poultry and Gourmet Culinary Solutions is a clear breach of the Agreement by Hammond and of Hammonds' fiduciary duties to Plaintiff.

15.     To the best of my knowledge, information, and belief, Hammonds has utilized Plaintiff's Confidential Information relating to customer lists, customer

contact information, product pricing, product profit margins, and product chemical composition information since his resignation with Plaintiff for the purpose of soliciting these and other customers of Plaintiff.

16.    To the best of my knowledge, information, and belief, since January 2016, SPI has been the sole product manufacturer and distributor for Hammonds' sales efforts to Plaintiff's customers.

17.    Plaintiff has been damaged by the conduct of Defendants.


FURTHER THE AFFIANT SAITH NOT.

_____
Rusty Favorite, Owner and President
of Plaintiff DJR Associates, LLC

Sworn to and subscribed before me on this the *13* day of October, 2016.


_____
NOTARY PUBLIC
My commission expires *6-14-2019*

## CONFIDENTIALITY AND NONSOLICITATION AGREEMENT

THIS CONFIDENTIALITY AND NONSOLICITATION AGREEMENT, dated _10-8-12_ , _____, by and between DJR Associates, LLC dba ChemStation of Alabama, an Alabama limited liability company (the "Employer") and Terry Hammonds, a Georgia resident (the "Employee").

### RECITALS:

WHEREAS, the Employee desires to become or remain an employee of the Employer; and

WHEREAS, the Employer is willing to employ or continue to employ the Employee only if, pursuant to this Agreement, the Employee agrees to hold in confidence and not disclose or use any Confidential Information for any purpose other than those enumerated in this Agreement, and further agrees not to solicit Employer's unique business relationships for any purpose inconsistent with the terms of this Agreement.

NOW, THEREFORE, the Employer and Employee agree:

1.     **DEFINITIONS**. For purposes of this Agreement, the following terms shall have the following meanings:

(a)     **"Affiliate"**: Any corporation, partnership, limited partnership, limited liability partnership, limited liability company or other business organization which, on or after the date of this Agreement, controls, is controlled by or is under common control with the Employer.

(b)     **"Confidential Information"**: Any concept, plan, design, program (including computer program), idea, data, procedure, system, application, form, process, method, know-how, technique, technology or other information which pertains or relates in any way to the business, activities, products or services of the Employer or any Affiliate including, without limitation:

(1)     any information concerning former, current or prospective customers of the Employer or any Affiliate including, without limitation, (A) any list or other compilation of such customers, (B) any requirements, needs or specifications of a customer for products or services, (C) the products and related services which the Employer or an Affiliate has sold or attempted to sell to any such customer, (D) the relationship between the Employer or any Affiliate and any such customer and (E) the methods, practices and procedures employed by the Employer or such Affiliate in marketing or selling its products or performing services for any such customer;

(2)     training procedures, materials and manuals;

(3)     pricing methods, fee schedules, billing and collection procedures, materials and manuals;

(4)     sales and marketing methods, promotional materials and market research;

(5)     financial information and statements;

EXHIBIT

A-1

(6) personnel information, employee evaluations and employee compensation information; and

(7) "Trade Secrets" as that term is defined in the Alabama Trade Secrets Act (Code of Alabama, 1975, § 8-27-1, et. sec.)

2. **EMPLOYEE'S CONFIDENTIALITY COVENANT.** The Employee hereby acknowledges that, as a necessary result of the Employee's position with the Employer and the nature of the duties assigned to the Employee as an employee of the Employer, Confidential Information shall be disclosed or otherwise made available to the Employee solely for the purpose of enabling the Employee to perform such duties. From and after the date of this Agreement, the Employee shall hold all Confidential Information in confidence and shall not:

(a) communicate or disclose Confidential Information to any party other than (1) the Employer and the Affiliates, (2) the employees of the Employer and the Affiliates who are authorized to receive such Confidential Information or (3) a party to whom such communication or disclosure has been authorized by the Employer or an Affiliate;

(b) duplicate, copy or make any record of any Confidential Information without the prior written authorization of the Employer or an Affiliate; and

(c) use any Confidential Information for the benefit of the Employee or any party other than the Employer and the Affiliates or for any purpose other than the performance of the Employee's duties as an employee of the Employer.

Immediately upon the termination of the Employee's employment with the Employer for any reason, the Employee shall return to the Employer all Confidential Information then in the Employee's possession.

3. **EMPLOYEE'S NONSOLICITATION COVENANT.** In further consideration of Employee's employment with Employer and the Confidential Information disclosed or otherwise made available to the Employee, Employee further agrees not to solicit Employer's business relationships as follows:

(a) **Nonsolicitation.** The Employee agrees that, during the term of Employee's employment with the Employer and for a period of two (2) years thereafter, Employee will not, directly or indirectly, either individually or as a stockholder, director, officer, consultant, independent contractor, employee, agent, member, or otherwise of or through any corporation, partnership, company, association, joint venture, firm or other entity, or in any other capacity:

(1) employ or offer to employ in any capacity, solicit or attempt to divert or entice away any person who is an employee, agent, representative or independent contractor with the Employer, or any former employee, agent, representative or independent contractor of Employer whose relationship with Employer was terminated within six months of the date of Employee's termination of employment with Employer; or

2

(2)    sell or offer to sell any product or service similar in kind to those offered by Employer to any client or customer of the Employer within the states of Alabama, Mississippi, or Georgia from Macon northward.

**(b)    Reasonable Protection.**  The Employee agrees that Employee has carefully read and understands the provisions of this Agreement and, having done so, agrees that the restrictions in this paragraph are fair and reasonable and are necessarily required for the protection of the interests of the Employer, and due to the nature of the business of the Employer, a more limited geographical restriction would not be reasonable or appropriate.

**(c)    Continued Enforceability.**  In the event that any court of competent jurisdiction should declare any provision contained in this Agreement to be unenforceable, void or voidable as unreasonable with respect to the time or geographical area or otherwise, the provisions of the Agreement shall remain in effect for whatever time period and shall cover whatever geographical area that such court does not declare to be unreasonable, void or voidable.

**(d)    Duty of Loyalty.**  Nothing in this Agreement shall be construed to limit the Employee's legal duties to the Employer while employed by the Employer which include, but are not limited to, the Employee's obligation to act solely in the Employer's best interest and the Employee's duty of loyalty to the Employer.  While the Employee is employed by the Employer, the Employee shall not undertake or engage in any planning or other activity directed towards, or designed to result in, any competition with the Employer.

4.    **EMPLOYER'S REMEDIES FOR BREACH.**  In the event the Employee breaches this Agreement, the Employer shall be entitled to institute and prosecute proceedings in any court of competent jurisdiction (either in law or in equity) to enforce the specific performance thereof by the Employee or to enjoin the Employee from any further or continuing breach or violation without the necessity of showing actual damages or furnishing a bond or other security; provided, however, that nothing in this Agreement shall be construed as prohibiting the Employer from pursuing any other remedies available to it on account of such breach or violation.  In the event the Employer initiates any legal action as a result of Employee's default under this Agreement, the Employer shall be entitled to recover from the Employee its reasonable attorneys' fees and all other costs incurred by it in connection with such legal action.

4.    **EFFECT ON EMPLOYMENT.**  Nothing contained in this Agreement shall entitle the Employee to be employed by the Employer for any period of time.  Unless and to the extent provided in a separate written agreement between the Employer and the Employee, the Employee shall be an "at will" employee of the Employer and the Employer may terminate the Employee's employment with the Employer at any time, with or without notice and with or without cause.

5.    **EMPLOYER'S RIGHT TO DISCLOSE.**  The Employer shall have the right to disclose the existence of this Agreement and any of its provisions to any party at any time and to advise any such party of its intention to seek all remedies available to it on account of any breach or alleged breach by the Employee of any provision of this Agreement.

6.    **MISCELLANEOUS.**

(a) **Benefit**. This Agreement shall bind the parties, their respective successors, assigns, heirs, executors and administrators.

(b) **Entire Agreement**. This Agreement contains the entire agreement of the parties relating to the subject matter hereof and may not be changed except by a writing signed by the party against whom the enforcement of any waiver, change, extension, modification or discharge is sought.

(c) **Waiver of Breach or Violation Not Deemed Continuing**. The waiver by either party of a breach or violation of any provision of this Agreement or of any similar provisions of similar agreements with third parties, shall not operate as, or be construed to be, a waiver of any breach of this Agreement.

(d) **Governing Law and Jurisdiction**. This Agreement shall at all times be governed by and construed, interpreted and enforced in accordance with the laws of the State of Alabama without regard to the conflict of laws provision thereof. **THE PARTIES HERETO AGREE TO THE JURISDICTION OF THE STATE AND FEDERAL COURTS OF JEFFERSON COUNTY, ALABAMA FOR RESOLVING ANY DISPUTE ARISING IN CONNECTION WITH THIS AGREEMENT.**

(e) **Severability**. The terms of this Agreement are severable. In the event that a court of competent jurisdiction determines any provision of this Agreement to be unenforceable, void or voidable for any reason, such determination shall not affect the remaining provisions of this Agreement, which shall remain in effect.

(f) **Assignment**. Employer may assign its rights and privileges under this Agreement without Employee's express consent, and Employer's rights under this Agreement will automatically inure to the benefit of any successor of Employer.

IN WITNESS WHEREOF, the Employer and the Employee have executed this Agreement on the date first above written.

WITNESS:                                    DJR Associates, LLC dba ChemStation of Alabama

_____

                                            By:_____
                                            Name:_____
                                            Title:_____

WITNESS:

_____

                                            _____
                                            Employee Name

4



# WALLACE JORDAN

### WALLACE, JORDAN, RATLIFF & BRANDT, LLC

#### ATTORNEYS & COUNSELORS

R. Dale Wallace, Jr.
J. Birch Bowdre
Glenn E. Estess, Jr.
Albert L. Jordan
Oscar M. Price III
William A. Ratliff
Kimberly R. West
Clark R. Hammond
Michael J. Brandt
Cecil H. Macoy, Jr.
William B. Stewart
Jay H. Clark
Larry S. Logsdon
Michael L. Jackson
Mark M. Hogewood
Phillip D. Corley, Jr.
Stephen P. Leara
Annemarie C. Axon
Thomas A. McKnight, Jr.
Matthew D. Fridy
Laura M. Jackman

Gary W. Lee
Susan E. McPherson
Jason R. Klinowski*
Wesley K. Winborn
Samuel T. Sessions
Jonathan L. Shugart, Jr.
Matthew S. Hale
Lauren G. Walker

Atley A. Kitchings, Jr.
Distinguished Senior Member

Sally S. Reilly
Richard T. Davis
Julie Bonner DeArman
Counsel

* Admitted in Illinois only

Sender Direct Dial: 205.874.0329
Sender Direct Fax: 205.874.3292
bbowdre@wallacejordan.com

January 26, 2016

Mr. Terry Hammonds
SPI Chemicals, LLC
195 14th Street NE
Unit 1907
Atlanta, Georgia 30309

Dear Mr. Hammonds:

This firm is pleased to represent DJR Associates, LLC d/b/a Chemstation of Alabama ("Chemstation"). My client has informed me that you have resigned your position at Chemstation and are going to work as President and co-owner of SPI Chemicals, LLC.

While employed with Chemstation, you signed a Confidentiality and Non-Solicitation Agreement (the "Agreement") that recognized the confidential information entrusted to you in connection with the employment relationship. In that Agreement, you agreed to the following:

  1. To keep confidential all information pertaining to Chemstation and not to use any of such information for the benefit of any other party;

  2. For a period of two years not to solicit Chemstation's business relationships by seeking to employ or solicit employees representatives or other agents of Chemstation; and

  3. For a period of two years not to sell or offer any product of service similar in kind to those offered by Chemstation to any client or customer of Chemstation within the States of Alabama, Mississippi or Georgia from Macon northward.

  Please be advised that if you violate any of the terms of your Agreement, Chemstation will be compelled to protect its interest by bringing legal action against you, your current company, and

EXHIBIT
A-2

January 26, 2016
Page 2

any partner or co-owner for injunctive relief. In that event, you will also be responsible for all attorneys fees and other costs incurred by Chemstation in enforcing its rights under the Agreement.

Should you have any questions in this regard, please let me know.

Sincerely yours,

WALLACE, JORDAN, RATLIFF & BRANDT, L.L.C.

By:

J. Birch Bowdre

JBB/vf

cc:    Mr. Rusty Favorite
       Mr. Gerald Sprinkle (SPI Chemicals, LLC - 211 Avenue C, Carrollton, GA 30112)

*LAW OFFICES OF*

# THOMAS E. RAINES, P. C.

ATTORNEYS-AT-LAW
3740 Davinci Court, Suite 430
Norcross, Georgia 30092

Email: traines@traineslaw.com
Website: www.traineslaw.com

Telephone: 770-263-0093
Facsimile: 770-407-5874

February 2, 2016

Via regular mail and email: bbowdre@wallacejordan.com
J. Birch Bowdre, Esq.
Wallace, Jordan, Ratliff & Brandt, L.L.C.
P. O. Box 530910
Birmingham, Alabama 35253

Re: Your Letter of January 26, 2016 to Terry Hammonds

Dear Mr. Bowdre:

I represent Terry Hammonds. I am writing in response to the letter (dated January 26, 2016) that you sent to Mr. Hammonds on behalf of your client, DJR Associates, LLC d/b/a ChemStation of Alabama ("ChemStation"). You refer to a Confidentiality and Non-Solicitation Agreement but did not refer to the date signed or attach a copy. Your assistant was kind enough to provide a copy of that certain Confidentiality And Non-Solicitation Agreement bearing the date of October 8, 2012 (the "2012 Agreement").

In November of 2015, Mr. Hammonds made a request of the ChemStation Office Manager, Kerry Sharp, to provide him a copy of any written agreements he had with ChemStation and received an email from her dated November 16, 2015, in which she forwarded a copy of that certain Confidentiality And Non-Solicitation Agreement bearing the date of June 14, 2010, a copy of which is enclosed (the "2010 Agreement"). Again on his last day of work (January 11, 2016) at his exit interview with Ms. Sharp and Brett Sutton, his personnel file was reviewed and he was provided with a copy of the 2010 Agreement. According to those ChemStation representatives, one of which I understand is an owner of ChemStation, the 2010 Agreement was the applicable agreement.

My client has no recollection of signing the 2012 Agreement, although it bears a signature similar to his signature. It is interesting to note that it was signed by Joe Wilbanks, as General Manager, using a short signature on behalf of the company and also witnessed by the same individual using a full signature "Joseph Wilbanks" and that Mr. Hammond's purported signature is not witnessed. Do you have the original of the 2012 Agreement? We would like to have the opportunity to review it if it exists. Also, could you provide me with information concerning the circumstances in which the 2012 Agreement came up for discussion and execution?

Mr. Hammonds went to great pains to obtain a copy of the applicable agreement so as to make sure he understood the obligation he had to ChemStation post-employment. Mr.

EXHIBIT
A-3

J. Birch Bowdre, Esq.
Page -2-
February 2, 2016

Hammonds has every intention to comply with the terms of the applicable agreement that are enforceable against him.

I would like to have a telephone conversation with you to follow up on this matter. Please let me know when you might be available for such a call.

Very Truly Yours,

THOMAS E. RAINES

cc: Terry Hammonds via: email



AlaFile E-Notice

To:   THOMAS A. MCKNIGHT JR.
      tmcknight@wallacejordan.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

DJR ASSOCIATES, LLC V. TERRY HAMMONDS ET AL
01-CV-2016-903795.00

The following matter was FILED on 10/13/2016 4:09:14 PM

**C001 DJR ASSOCIATES, LLC**

MOTION FOR PRELIMINARY INJUNCTION

[Filer: MCKNIGHT THOMAS ALEXANDER]

Notice Date:      10/13/2016 4:09:14 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov

ELECTRONICALLY FILED
10/13/2016 4:08 PM
01-CV-2016-903795.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

# STATE OF ALABAMA

**Revised 3/5/08**

**Unified Judicial System**

01-JEFFERSON

☐ District Court ☑ Circuit Court

CV2

Cas

DJR ASSOCIATES, LLC V. TERRY HAMMONDS ET AL

**CIVIL MOTION COVER SHEET**

*Name of Filing Party:*C001 - DJR ASSOCIATES, LLC

*Name, Address, and Telephone No. of Attorney or Party. If Not Represented.*

THOMAS A. MCKNIGHT JR.

P.O. BOX 530910

BIRMINGHAM, AL 35253

*Attorney Bar No.:* MCK055

☑ Oral Arguments Requested

## TYPE OF MOTION

| Motions Requiring Fee | Motions Not Requiring Fee |
|---|---|
| ☐ Default Judgment ($50.00) | ☐ Add Party |
| ☐ Joinder in Other Party's Dispositive Motion (i.e.Summary Judgment, Judgment on the Pleadings, orother Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Amend |
| | ☐ Change of Venue/Transfer |
| | ☐ Compel |
| ☐ Judgment on the Pleadings ($50.00) | ☐ Consolidation |
| ☐ Motion to Dismiss, or in the Alternative SummaryJudgment($50.00) | ☐ Continue |
| | ☐ Deposition |
| ☐ Renewed Dispositive Motion(Summary Judgment,Judgment on the Pleadings, or other DispositiveMotion not pursuant to Rule 12(b)) ($50.00) | ☐ Designate a Mediator |
| | ☐ Judgment as a Matter of Law (during Trial) |
| ☐ Summary Judgment pursuant to Rule 56($50.00) | ☐ Disburse Funds |
| ☐ Motion to Intervene ($297.00) | ☐ Extension of Time |
| ☐ Other _____ | ☐ In Limine |
| pursuant to Rule _____ ($50.00) | ☐ Joinder |
| | ☐ More Definite Statement |
| *Motion fees are enumerated in §12-19-71(a). Fees pursuant to Local Act are not included. Please contact the Clerk of the Court regarding applicable local fees. | ☐ Motion to Dismiss pursuant to Rule 12(b) |
| | ☐ New Trial |
| | ☐ Objection of Exemptions Claimed |
| ☐ Local Court Costs $ 0 | ☐ Pendente Lite |
| | ☐ Plaintiff's Motion to Dismiss |
| | ☑ Preliminary Injunction |
| | ☐ Protective Order |
| | ☐ Quash |
| | ☐ Release from Stay of Execution |
| | ☐ Sanctions |
| | ☐ Sever |
| | ☐ Special Practice in Alabama |
| | ☐ Stay |
| | ☐ Strike |
| | ☐ Supplement to Pending Motion |
| | ☐ Vacate or Modify |
| | ☐ Withdraw |
| | ☐ Other |
| | pursuant to Rule _____ (Subject to Filing Fee) |

| Check here if you have filed or are filing contemporaneously with this motion an Affidavit of Substantial Hardship or if you are filing on behalf of an agency or department of the State, county, or municipal government. (Pursuant to §6-5-1 Code of Alabama (1975), governmental entities are exempt from prepayment of filing fees) ☐ | Date:<br>10/13/2016 4:08:22 PM | Signature of Attorney or Party<br>/s/ THOMAS A. MCKNIGHT JR. |
|---|---|---|

*This Cover Sheet must be completed and submitted to the Clerk of Court upon the filing of any motion. Each motion should contain a separate Cover Sheet.

**Motions titled 'Motion to Dismiss' that are not pursuant to Rule 12(b) and are in fact Motions for Summary Judgments are subject to filing fee.



ELECTRONICALLY FILED
10/13/2016 4:08 PM
01-CV-2016-903795.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | | |
|---|---|---|
| DJR ASSOCIATES, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: CV-2016-903795 |
| | ) | |
| TERRY HAMMONDS and | ) | Oral Argument Respectfully Requested |
| SPI CHEMICALS, LLC, | ) | During October 2016 |
| | ) | |
| Defendants. | ) | |

## MOTION FOR PRELIMINARY INJUNCTION
## AND FOR EXPEDITED HEARING

COMES NOW the Plaintiff DJR Associates, LLC ("Plaintiff"), by and through the undersigned counsel, in the above-styled cause and requests an expedited hearing and the entry of a preliminary injunction against Defendants Terry Hammonds ("Hammonds") and SPI Chemicals, LLC ("SPI") based upon the following:

### Introduction

1.     Plaintiff is contemporaneously filing its Complaint against Defendants in which Plaintiff alleges, among other things, that Hammonds has breached and, upon information and belief, continues to breach, an enforceable Confidentiality and Non-Solicitation Agreement ("the Agreement") with Plaintiff. Hammonds resigned his employment with Plaintiff in January 2016 and started a competing business selling products and services similar in kind to Plaintiff's products and services, to Plaintiff's customers located within the restricted geographic area of Mississippi, Alabama, and Georgia (north of Macon). Hammonds has thereby willfully breached the Agreement and his fiduciary duties to Plaintiff, and SPI has intentionally interfered with Plaintiff's existing

customer relationships. Plaintiff's Complaint is supported by the Affidavit of Rusty Favorite, Plaintiff's Owner and President. *See* Exhibit A to Plaintiff's Complaint.

2.      Injunctive relief is expressly available to Plaintiff for its claim of breach of contract. *See* Ala. Code § 8-1-195(a)(1).

3.      Along with the Complaint and this motion, Plaintiff is also submitting a motion for expedited discovery.

4.      Plaintiff can establish that preliminary injunctive relief is warranted in this case because:

    a.      Plaintiff has more than a reasonable chance of prevailing on the merits of its claims;

    b.      Plaintiff has suffered and will continue to suffer irreparable harm if relief is not granted because Hammonds will continue to use confidential information and unlawfully solicit Plaintiff's clients, and SPI will continue to interfere with Plaintiff's business relationships through Hammonds;

    c.      The harm to Plaintiff's business cannot be remedied at law because the damage cannot be undone; and

    d.      Any hardship that an injunction would imposed on Hammonds and SPI would not unreasonably outweigh the benefit that would accrue to Plaintiff.

*See Holiday Isle, LLC v. Adkins*, 12 So. 3d 1173, 1176 (Ala. 2008) (setting out elements supporting preliminary injunctive relief).

5.      To protect Plaintiff from incurring additional harm pending a final resolution of the case, an expedited hearing on the motion is necessary. Plaintiff respectfully requests that the hearing on the preliminary injunction occur before the end of the month.

### Facts and Law Warranting Preliminary Injunctive Relief

6.     Plaintiff manufactures, sells, and delivers environmentally friendly cleaning products to commercial and industrial customers located primarily in Alabama, Mississippi, and Georgia (north of Macon). Hammonds worked for Plaintiff as a salesman customer service representative in the Birmingham and Atlanta areas for five and a half years.

7.     In consideration for his employment with Plaintiff, Hammonds agreed to be bound by a Non-Solicitation and Confidentiality Agreement in favor of Plaintiff. Hammonds signed the Agreement during his employment with Plaintiff on October 8, 2012. Upon separating from Plaintiff in January 2016, Hammonds was reminded in writing of his contractual obligations and the temporal and geographic scope of the Agreement. Hammonds acknowledged that he would abide by the terms of the Agreement.

8.     After Plaintiff informed Hammonds of his obligations and Hammonds represented his assent to the Agreement, Hammonds, on behalf of SPI, willfully breached the Agreement by contacting Plaintiff's customers within the prohibited geographic area via telephone, email, and in-person in an effort to sell them the same products sold by Plaintiff. Defendants have also changed the composition and color of their products in order to compete with Plaintiffs' products. Upon information and belief, Defendants have also changed the composition and color of their products to be competitive with Plaintiff's products.

9.     For example, Plaintiff is aware that, since January 2016, SPI has been selling products to Harrison Poultry which are similar to the products Plaintiff has historically provided to Harrison Poultry. Harrison Poultry was a long-time customer of Plaintiff.

10.     Likewise, SPI, since January 2016, has been selling products to another long-term customer of Plaintiff, Gourmet Culinary Solutions. The products SPI has sold are similar to the

products Plaintiff has historically provided. Gourmet Culinary Solutions informed Plaintiff in September 2016 that it has transitioned certain chemical and cleaning product purchasing to SPI; it no longer wished to purchase such products from Plaintiff; and Plaintiff was to remove its storage tanks from Gourmet Culinary Solutions' premises. Gourmet Culinary Solutions further informed Plaintiff that, following Plaintiff's removal of the tanks, Hammonds would be installing SPI-dedicated tanks on-site.

11.     Upon information and belief, Hammonds personally or through his agents contacted both Harrison Poultry and Gourmet Culinary Solutions to solicit their business. Such conduct is a clear breach of the Agreement by Hammonds.

12.     Upon information and belief, Hammonds also has utilized Plaintiff's Confidential Information relating to customer lists, customer contact information, product pricing, product profit margins, and product chemical composition information since his resignation with Plaintiff to solicit these and other customers of Plaintiff.

13.     Alabama law makes clear that a business such as Plaintiff has a "protectible interest" in its "[c]onfidential information," including but not limited to its "customer lists," "customer data and information," and "[c]ommercial relationships or contacts with specific prospective or existing customers." Ala. Code § 8-1-191(a)(2)-(3); *see also Eastis v. Veterans Oil, Inc.*, 65 So. 3d 443, 450 (Ala. Civ. App. 2010) (recognizing customer relationships as a protectible interest). Any non-solicitation or confidentiality agreements to protect these interests must be in writing, signed by all parties, and supported by adequate consideration. Ala. Code § 8-1-192. Here the parties' Agreement encompasses legitimately "protectible interests" and meets the criteria for an enforceable contact. Furthermore, Alabama law expressly allows for businesses to contract with their employees to

4

restrain them from soliciting customers in a like business, subject to reasonable time restraints.  Ala. Code §8-1-190(b)(5).[1]  For all of these reasons, Plaintiff is likely to succeed on the merits of its breach of contract claim against Hammonds.

14.     On the basis of the same facts, Plaintiff is also likely to succeed on its claims of breach of fiduciary duty against Hammond, *see Ruttenberg v. Friedman*, 97 So. 3d 114, 123 (Ala. 2012) (requiring the plaintiff to show "(1) the existence of a fiduciary duty between the parties; (2) the breach of that duty; and (3) damage suffered as a result of the breach"), and tortious interference with business relations against SPI, *see White Sands Grp., L.L.C. v. PRS II, LLC*, 32 So. 3d 5, 14 (Ala. 2009) (requiring the plaintiff to prove "(1) the existence of a protectible business relationship; (2) of which the defendant knew; (3) to which the defendant was a stranger; (4) with which the defendant intentionally interfered; and (5) damage.").

15.     Alabama law creates "a rebuttable inference of irreparable injury in cases where a former employee salesperson is actively competing with his former employer in the same geographic area in violation of a [valid] noncompetition agreement."  *Ormco Corp. v. Johns*, 869 So. 2d 1109, 1117 (Ala. 2003); *see also id.* at 1118-19.  This presumption exists because a business's protectible interests, "by their very nature," are "not easily repaired" when damaged.  *Id.* at 1116.  Defendants will not be able to rebut this presumption of irreparable injury.  Similarly, Defendants cannot dispute that an award of damages (*i.e.*, a legal remedy) is insufficient to make Plaintiff whole.  Plaintiff's loss of customers is not compensable by measurable damages.  Indeed, even equitable injunctive

---

[1] Restraint periods of eighteen months are presumptively reasonable. Ala. Code § 8-1-190(b)(5). The parties' Agreement restrains Hammonds from soliciting Plaintiff's customers for two years.  If the court concludes that two years is unreasonably long, the statute invites the Court to reform the period of restraint to eighteen months to preserve Plaintiff's protectable interests.  Ala. Code § 8-1-193.

relief, entered after a defendant's offensive conduct has begun, cannot make the plaintiff whole because "customers cannot be 'unsolicited.'" *Spinks v. Automation Pers. Servs., Inc.*, 49 So. 3d 186, 189 (Ala. 2010) (quoting *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Bradley*, 756 F.2d 1048, 1054 (4th Cir. 1985)).

16. Finally, the burden that an injunction would impose upon Defendants is less substantial than the burden Plaintiff faces if Hammonds continues to solicit clients and use confidential information for the benefit of SPI. This is particularly true where it is clear that Hammonds has no right to continue to act in violation of the Agreement. Moreover, in the context of non-competition or non-solicitation agreements, the Alabama Supreme Court has said that significant harm to a defendant is unlikely where the Plaintiff posts a bond in accordance with Rule 65(c). *Gross v. QMS, Inc.*, 613 So. 2d 331, 333 (Ala. 1993). Plaintiff is prepared to satisfy Rule 65(c)'s requirement.

17. Additionally, Plaintiff requests that the Court conduct a hearing and enter injunctive relief as soon as possible and no later than the end of October 2016. As acknowledged in *Spinks*, "[w]hen a former employee breaches h[is] employment contract by soliciting h[is] former employer's customers, a nonsolicitation clause requires *immediate* application to have any effect. An injunction even a few days after solicitation has begun is unsatisfactory because the damage is done." (Emphasis added).

## Conclusion and Requested Preliminary Injunctive Relief

On the basis of the foregoing facts and law, Plaintiffs request that this Court hold an expedited hearing and enter a preliminary injunction:

1.      Enjoining Hammonds, and all those acting in concert with him and/or on his behalf, from soliciting, by mail, electronic means, by phone, by personal meeting, or by any other means, either directly or indirectly, any customer of Plaintiff located in Mississippi, Alabama, or Georgia (north of Macon) until January 11, 2018. For the purposes hereof, "soliciting" means initiating or having any contact or communication, of any kind whatsoever, for the purpose of inviting, encouraging, or requesting any customer to: (1) transfer their business from Plaintiff; (2) open new customer accounts with SPI; (3) transact any business with SPI or another organization that competes with Plaintiff; or (4) otherwise discontinue the customer's patronage and business relationship with Plaintiff;

2.      Requiring Hammonds to immediately return all documents, material, including but not limited to cell phone contact lists, and/or other information (physical or electronic) which he took, removed, received, or copied from Plaintiff which contained any customer information (including names, addresses, account numbers, or account information) and any other confidential or proprietary information;

3.      Enjoining Hammonds from any further breaches of his fiduciary obligations to keep information about Plaintiff's business and customers confidential, and enjoining Hammonds from any further use or disclosure of such information to SPI or any of its employees or representatives; and

4.      Finding that Defendants' conduct in pirating-away Plaintiff's customers, while Hammonds was under a fiduciary duty not to use Confidential Information to solicit Plaintiff's customers, was both intentional and fraudulent and has caused willful and malicious injury to Plaintiff.

Respectfully submitted this 13th day of October, 2016.

       *s/ Thomas A. McKnight, Jr.*

Thomas A. McKnight, Jr. (MCK055)
tmcknight@wallacejordan.com
Ben B. Robinson (ROB181)
brobinson@wallacejordan.com
Attorneys for the Plaintiff
DJR Associates, LLC

**OF COUNSEL:**

**WALLACE, JORDAN, RATLIFF & BRANDT, L.L.C.**
Post Office Box 530910
Birmingham, Alabama 35253
Telephone:    (205) 870-0555
Facsimile:    (205) 871-7534

## PLEASE SERVE DEFENDANTS VIA CERTIFIED MAIL AT:

Mr. Terry Hammonds
195 14th Street NE, Unit 1907
Atlanta, GA 30309

SPI Chemicals, LLC
c/o Thomas E. Raines, Registered Agent
3740 Da Vinci Court, Suite 430
Norcross, GA 30092



AlaFile E-Notice

To:  THOMAS A. MCKNIGHT JR.
     tmcknight@wallacejordan.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

DJR ASSOCIATES, LLC V. TERRY HAMMONDS ET AL
01-CV-2016-903795.00

The following matter was FILED on 10/13/2016 4:15:47 PM

C001 DJR ASSOCIATES, LLC

PLAINTIFFS' MOTION FOR EXPEDITED DISCOVERY

[Filer: MCKNIGHT THOMAS ALEXANDER]

Notice Date:     10/13/2016 4:15:47 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov

ELECTRONICALLY FILED
10/13/2016 4:15 PM
01-CV-2016-903795.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

# STATE OF ALABAMA
**Unified Judicial System**

01-JEFFERSON

Revised 3/5/08

☐ District Court ☑ Circuit Court

Cas

CV2...

DJR ASSOCIATES, LLC V. TERRY HAMMONDS ET AL

**CIVIL MOTION COVER SHEET**

*Name of Filing Party:*C001 - DJR ASSOCIATES, LLC

*Name, Address, and Telephone No. of Attorney or Party. If Not Represented.*

THOMAS A. MCKNIGHT JR.

P.O. BOX 530910

BIRMINGHAM, AL 35253

*Attorney Bar No.:* MCK055

☐ Oral Arguments Requested

## TYPE OF MOTION

| Motions Requiring Fee | Motions Not Requiring Fee |
|---|---|
| ☐ Default Judgment ($50.00) | ☐ Add Party |
| ☐ Joinder in Other Party's Dispositive Motion (i.e.Summary Judgment, Judgment on the Pleadings, orother Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Amend |
| | ☐ Change of Venue/Transfer |
| | ☐ Compel |
| ☐ Judgment on the Pleadings ($50.00) | ☐ Consolidation |
| ☐ Motion to Dismiss, or in the Alternative SummaryJudgment($50.00) | ☐ Continue |
| | ☐ Deposition |
| ☐ Renewed Dispositive Motion(Summary Judgment,Judgment on the Pleadings, or other DispositiveMotion not pursuant to Rule 12(b)) ($50.00) | ☐ Designate a Mediator |
| | ☐ Judgment as a Matter of Law (during Trial) |
| ☐ Summary Judgment pursuant to Rule 56($50.00) | ☐ Disburse Funds |
| ☐ Motion to Intervene ($297.00) | ☐ Extension of Time |
| ☑ Other | ☐ In Limine |
| pursuant to Rule ($50.00) | ☐ Joinder |
| | ☐ More Definite Statement |
| *Motion fees are enumerated in §12-19-71(a). Fees pursuant to Local Act are not included. Please contact the Clerk of the Court regarding applicable local fees. | ☐ Motion to Dismiss pursuant to Rule 12(b) |
| | ☐ New Trial |
| | ☐ Objection of Exemptions Claimed |
| ☐ Local Court Costs $ 0 | ☐ Pendente Lite |
| | ☐ Plaintiff's Motion to Dismiss |
| | ☐ Preliminary Injunction |
| | ☐ Protective Order |
| | ☐ Quash |
| | ☐ Release from Stay of Execution |
| | ☐ Sanctions |
| | ☐ Sever |
| | ☐ Special Practice in Alabama |
| | ☐ Stay |
| | ☐ Strike |
| | ☐ Supplement to Pending Motion |
| | ☐ Vacate or Modify |
| | ☐ Withdraw |
| | ☑ Other   Plaintiffs' Motion for Expedited Discovery |
| | pursuant to Rule  n/a   (Subject to Filing Fee) |

Check here if you have filed or are filing contemporaneously with this motion an Affidavit of Substantial Hardship or if you are filing on behalf of an agency or department of the State, county, or municipal government. (Pursuant to §6-5-1 Code of Alabama (1975), governmental entities are exempt from prepayment of filing fees) ☐

Date:
10/13/2016 4:14:15 PM

Signature of Attorney or Party
/s/ THOMAS A. MCKNIGHT JR.

*This Cover Sheet must be completed and submitted to the Clerk of Court upon the filing of any motion. Each motion should contain a separate Cover Sheet.
**Motions titled 'Motion to Dismiss' that are not pursuant to Rule 12(b) and are in fact Motions for Summary Judgments are subject to filing fee.



ELECTRONICALLY FILED
10/13/2016 4:15 PM
01-CV-2016-903795.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | | |
|---|---|---|
| DJR ASSOCIATES, LLC, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Case No.: CV-2016-903795** |
| | ) | |
| TERRY HAMMONDS and | ) | |
| SPI CHEMICALS, LLC | ) | |
| | ) | |
| **Defendants.** | ) | |

## PLAINTIFFS' MOTION FOR EXPEDITED DISCOVERY

Plaintiff DJR Associates, LLC, ("Plaintiff"), hereby moves the Court to allow Plaintiff to conduct certain limited discovery in advance of the hearing on Plaintiff's request for preliminary injunctive relief against Defendant Terry Hammonds ("Hammonds") and for damages against SPI Chemicals, LLC ("SPI"). The requested discovery is attached as Exhibit A. As grounds for this motion, Plaintiff states:

1.      This case arises out of Hammonds' breach of non-solicitation and confidentiality obligations set forth in his employment agreement with Plaintiff. Hammonds' breaches include, but are not limited to, his solicitation of Plaintiff's customers on behalf of SPI, his new employer, and his disclosure of Plaintiff's confidential information.

2.      Plaintiff has evidence that Hammonds has breached his employment agreement with Plaintiff. *See* Complaint, ¶¶ 35-54. That evidence shows that since Hammonds resigned his employment with Plaintiff in January 2016, he has, on behalf of SPI, solicited and taken the business of at least of two of Plaintiff's longtime clients who are located within the prohibited geographic area. Further, upon information and belief, Hammonds and SPI have used, for their benefit, other

confidential information concerning Plaintiff's products that Hammonds gained during his employment with Plaintiff.

3.     The discovery sought by Plaintiff is limited and sought for the narrow purpose of obtaining evidence related to communications between SPI and Hammonds relating to Plaintiff's customers, communications and sales efforts between Plaintiff's customers and Hammonds, reports relating to revenue received by SPI from Plaintiff's customers, and other relevant documents and information relative to Defendants' efforts to pirate-away Plaintiff's customers since January 2016.

WHEREFORE, Plaintiff respectfully requests that the Court grant its request to immediately serve Defendants with the discovery requests attached as Exhibit A, and order Defendants to provide responses to those requests (including production of all responsive documents and information) in the next seven (7) days.

Respectfully submitted this 13th day of October 2016.


 s/ Thomas A. McKnight, Jr.
Thomas A. McKnight, Jr. (MCK055)
tmcknight@wallacejordan.com
Ben B. Robinson (ROB181)
brobinson@wallacejordan.com

Attorneys for the Plaintiff
DJR Associates, LLC

**OF COUNSEL:**

**WALLACE, JORDAN, RATLIFF & BRANDT, L.L.C.**
Post Office Box 530910
Birmingham, Alabama 35253
Telephone:     (205) 870-0555
Facsimile:     (205) 871-7534

**<u>PLEASE SERVE DEFENDANTS VIA CERTIFIED MAIL</u>:**

Mr. Terry Hammonds
195 14th Street NE, Unit 1907
Atlanta, GA 30309

SPI Chemicals, LLC
c/o Thomas E. Raines, Registered Agent
3740 Da Vinci Court, Suite 430
Norcross, GA 30092



ELECTRONICALLY FILED
10/13/2016 4:15 PM
01-CV-2016-903795.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

# Exhibit A

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**

| | | |
|---|---|---|
| DJR ASSOCIATES, LLC | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: CV-2016-903795 |
| | ) | |
| TERRY HAMMONDS and | ) | |
| SPI CHEMICALS, LLC | ) | |
| | ) | |
| Defendants. | ) | |

---

**PLAINTIFF DJR ASSOCIATES, LLC'S
INTERROGATORIES AND REQUEST FOR PRODUCTION TO DEFENDANTS
TERRY HAMMONDS AND SPI CHEMICALS, LLC**

---

COMES NOW the Plaintiff DJR Associates, LLC ("Plaintiff"), by and through the undersigned counsel, in the above-styled cause and propounds the following interrogatories and request for production, pursuant to Alabama Rules of Civil Procedure 26, 33, and 34, to Defendant Terry Hammonds ("Hammonds") and Defendant SPI Chemicals, LLC ("SPI").

I.   **INSTRUCTIONS**

(A)    Restate each request in full above your response.

(B)    If you object to or fail to answer any request, state your grounds and the authority you rely upon.

(C)    If you assert any privilege in response to a request, state the basis and authority for the claimed privilege.  If your claim of privilege extends to a document, identify it by: (I) type, (ii) date; (iii) author; (iv) recipient(s); and, (v) general subject matter.

1

(D)     If you know any document responsive to any request that was once in your possession, custody or control, but now cannot be produced because it has been disposed of, lost, discarded or destroyed, then (I) identify the document (or category of document) as best you can by: (a) type; (b) date; (c) author; (d) recipients); (e) general subject matter; and (ii) describe the circumstances under which it was disposed, lost, discarded or destroyed.

## II.    <u>DEFINITIONS</u>

As used in these interrogatories and request for production, the following words and phrases have the following meanings:

The words "you," "your," and "yours" as used herein refer to Defendants and to Defendants' agents, attorneys and all other representatives of Defendants in their capacities as such.

"Document" means every original and every non-identical copy (including blind copies) of each and every paper, writing, picture, photograph, slide, movie, film, visual or audio transcription, video tape, sound recording, micro-film, data stored or recorded on or in punch cards, computer tapes, disc, reels or other devices for business machines or other means of storing and/or transmitting human intelligence, and any other printed or readable material.  To be included without limitation in this definition of - "document" - are every invoice, statement, bill, ledger sheet, recommendation, endorsement, order, discretion, letter, telegram, teletype, report, memorandum (including without limitation every inter-office memorandum, file memorandum, work memorandum and memorandum of telephone conversation), interview, sketch, graph, chart, note (including without limitation notes used to prepare any letter, memorandum, reports or other documents as herein defined), contract, agreement, form, work sheet, time sheet, expense ledger, check (canceled or otherwise), check stub, voucher receipts, witness (including potential witness) statement, transcript, interview, sound

recording transcription, computer printout, book of accounts, payroll record, minutes, diaries (both office and personal), log, file card, raw data, notes and/or travel report, data evidence, statement of expenses incurred, report of investigation, report of interview, record, brochure, book, exhibit, draft, certificate, table, price list and any other tangible item or thing of readable or visual material of whatsoever nature and every file folder in which the above items are stored, filed or maintained.

"Correspondence" means any document carried by the United States mail, the United States Postal Service, any private courier or courier service, or transferred or transmitted in any manner whatsoever, including by electronic means.

"Identify" means, with respect to a natural person, to set forth that individual's full name, and on the first occasion that such individual is identified, the following:

1. Last known home address; and

2. Last known home telephone number.

"Identify" means, with respect to a document, to set forth the originator, addressee or recipient, and date of the document, and specify:

1. The type of the document (e.g., letter, memorandum, medical record, court pleading, ledger sheet, computer data, etc.);

2. The file number, bates number, or other identifying mark or code of the document; and

3. The identity of the present custodians of the original and of each additional copy of the document.

"Identify" means, with respect to a business entity, to specify that entity's registered corporate name, current address, and telephone number.

## III.     DISCOVERY REQUESTS

### Interrogatories to Defendant Hammonds

1.     Identify the names of all Plaintiff's current or former customers that Hammonds has communicated with for the purpose of inviting, encouraging, soliciting, or requesting the customer to transfer their business to or transact any business with SPI.

2.     Identify all Plaintiff's documents and things that Hammonds currently has in his possession, custody, or control.

3.     Identify the names of all SPI employees who assisted or provided Hammonds with advice in connection with the resignation of his employment with Plaintiff and his obligation to honor the terms of the subject Non-Solicitation Agreement.

### Request for Production to Defendant Hammonds

1.     All Plaintiff's documents and things that Hammonds currently has in his possession, custody, or control.

2.     Copies of all emails (in native format), text messages, letters, and proposals sent by you to Plaintiff's customers, or received by Hammonds from Plaintiff's customers, since January 11, 2016.

3.     Copies of all communications between Hammonds and SPI regarding Plaintiff's customers.

4.     Copies of all sales plans, sales goals, sales projections, and customer lists for Hammonds, relating to his work at SPI.

5.     Copies of all calendars, Day Timers, appointment schedules, Outlook files (in native format) relating to Hammonds' appointments from January 11, 2016 to the present.

4

## **Interrogatories to Defendant SPI**

1.      Identify all communications between any SPI employee/agent and Hammonds prior to his resignation from employment with Plaintiff.

2.      Identify all communications, proposals, invoices, bills of laden, purchase orders, sales quotes, and other sales-related documents between SPI and Gourmet Culinary Solutions, as well as between SPI and Harrison Poultry.

3.      Identify all communications between SPI, by and through its agents, and Plaintiff's customers.

## **Requests for Production to Defendant SPI**

1.      Copies of all communications, including emails and text messages, exchanged between any SPI employee/agent and Hammonds prior to Hammonds resignation from Plaintiff.

2.      Copies of all documents in any "hard copy" files brought by Hammonds to SPI before, at, or after the commencement of Hammond's employment with SPI.

3.      Copies of all documents and any electronic files transferred by Hammonds to any applicable server on which SPI maintains its employees' electronic documents and communications before, at or after the commencement of the Hammonds' employment with SPI.

4.      Copies of all communications exchanged between Gerald Sprinkle and Hammonds prior to Hammonds's resignation from Plaintiff.

5.      Copies of any and all documents provided by SPI to Hammonds at the commencement of his employment with SPI.

6. Copies of all communications, proposals, invoices, bills of laden, purchase orders, sales quotes, and other sales-related documents between SPI and Plaintiff's current or former customers.

7. Copies of all pro formas and any other business proposals regarding SPI.

Respectfully submitted this 13th day of October 2016.

s/ Thomas A. McKnight, Jr.
Thomas A. McKnight, Jr. (MCK055)
tmcknight@wallacejordan.com
Ben B. Robinson (ROB181)
brobinson@wallacejordan.com
Attorneys for the Plaintiff
DJR Associates, LLC

**OF COUNSEL:**

**WALLACE, JORDAN, RATLIFF & BRANDT, L.L.C.**
Post Office Box 530910
Birmingham, Alabama 35253
Telephone:     (205) 870-0555
Facsimile:     (205) 871-7534

**PLEASE SERVE THIS DISCOVERY WITH THE COMPLAINT ON DEFENDANTS VIA CERTIFIED MAIL AT:**

Mr. Terry Hammonds
195 14th Street NE, Unit 1907
Atlanta, GA 30309

SPI Chemicals, LLC
c/o Thomas E. Raines, Registered Agent
3740 Da Vinci Court, Suite 430
Norcross, GA 30092



AlaFile E-Notice

01-CV-2016-903795.00

Judge: CAROLE C. SMITHERMAN

To: MCKNIGHT THOMAS ALEXANDER
tmcknight@wallacejordan.com

# NOTICE OF CASE SETTING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

DJR ASSOCIATES, LLC V. TERRY HAMMONDS ET AL
01-CV-2016-903795.00

The following matter was SET FOR HEARING

C001 DJR ASSOCIATES, LLC

MOTION FOR PRELIMINARY INJUNCTION

[Filer: MCKNIGHT THOMAS ALEXANDER]

Hearing Date: 10/24/2016
Hearing Time: 09:00:00 AM
Location:

Notice Date: 10/18/2016 1:59:16 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov