IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DJR ASSOCIATES, LLC,      ) | |
| ) | |
| Plaintiff,     ) | |
| ) | |
| v.            ) | CIVIL ACTION NO. |
| ) | 2:16-CV-1729-TMP |
| TERRY HAMMONDS and    ) | |
| SPI CHEMICALS, LLC,      ) | |
| ) | |
| Defendants.     ) | |

## RENEWED MOTION FOR PRELIMINARY INJUNCTION AND EXPEDITED HEARING

COMES NOW Plaintiff DJR Associates, LLC ("Plaintiff") and moves the Court, in accordance with Fed. R. Civ. P. 65, to set an expedited hearing on Plaintiff's motion for preliminary injunction filed in state court and to enter preliminary injunctive relief enjoining Defendants from acting in violation of Plaintiff's rights under Alabama law. In support thereof, Plaintiff shows the court the following.

1. Plaintiff brought this action in the Circuit Court of Jefferson County ("state court") on October 13, 2016. Along with its Complaint, Plaintiff submitted a motion for preliminary injunction and expedited hearing and a motion for expedited discovery. The state court set a hearing on Plaintiff's motions Monday, October 24, 2016.

2. On Friday afternoon, October 21, 2016, counsel appeared for Defendants and removed the case to federal court on grounds of diversity subject-matter jurisdiction.

3. Because the removal of the case to federal court has delayed Plaintiff from obtaining expedited injunctive relief, Plaintiff is now renewing its motion and requesting a hearing at the Court's earliest convenience. More significantly, because there are slight disparities between Alabama and federal law on the justifications for relief under Rule 65, Plaintiffs wish to supplement the law cited in their original motion.

4. The Eleventh Circuit Court of Appeals requires the party moving for preliminary injunctive relief to show the following four elements:

    (a) A substantial likelihood of success on the merits;

    (b) Irreparable injury to be suffered unless the injunction issues;

    (c) The threatened injury to the movant is greater than any damage the proposed injunction may cause the opposing parties; and

    (d) The injunction, if issued, will not disserve the public interest.

*Café 207, Inc. v. St. Johns County*, 989 F.2d 1136, 1137 (11th Cir. 1993); *Carillon Importers, Ltd. v. Frank Pesce International Group, Ltd.*, 112 F.3d 1125, 1126 (11th Cir. 1997). The law and evidence in this case satisfy each of these elements.

5. While Alabama law requires the plaintiff to show, at minimum, a "reasonable" chance of success on the merits, *see Marathon Const. & Demolition, LLC v. King Metal Recycling & Processing Corp.*, 129 So. 3d 272, 275-76 (Ala. 2013), the Eleventh Circuit requires a showing of "likely' success. For all of the reasons asserted in Plaintiff's original motion and supporting affidavit, Plaintiff is likely to succeed on the merits of its claims for breach of contract, breach of fiduciary duty, and tortious interference with business and contractual relations.

6. During and in consideration for Terry Hammond's continued employment with Plaintiff, he signed a Non-Solicitation and Confidentiality Agreement. After departing his employment with Plaintiff in January 2016 and assuring Plaintiff in writing that he intended to abide by the agreement, Terry Hammonds, through his new company and employer, SPI Chemicals, LLC, wilfully breached his contract and fiduciary duties to Plaintiff by selling similar products to Plaintiff's longstanding customers, namely Harrison Poultry and Gourmet Culinary Solutions. The gross revenue from those customers' business to Plaintiff over the last five years exceeds $1,000,000. Further, upon information and belief, Hammonds has been using Plaintiff's confidential information (specifically, customer lists, contact information, product pricing, profit margin, and product chemical composition) to pirate-away these and potentially other

customers to SPI.  *See* Affidavit of Rusty Favorite, attached as Exhibit A to Complaint.

7. Plaintiff cannot be made whole by the remedy of damages.  The showing of an irreparable injury is "the *sine qua non* of injunctive relief." *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (citation omitted).  As explained in Plaintiff's original motion for preliminary injunction, Alabama law presumes that a violation of a non-competition or non-solicitation agreement like Hammonds' causes irreparable injury to the former employer because of the employer's inability to "unsolicit" the lost customers and business gained by the defendant's unlawful competition.  *See* Motion at ¶ 13 (discussuing *Ormco Corp. v. Johns* 869 So. 2d 1109, 1116-19 (Ala. 2003)).

8. Further, Defendants simply cannot complain that the harm they will suffer if an injunction issues will outweigh the harm that Plaintiff will continue to experience if an injunction is not granted.  Hammonds himself created Defendants' potential injury by forming SPI and soliciting Plaintiff's customers in breach of his contract and duties to Plaintiff.  *See Unisource Worldwide, Inc. v. S. Cent. Ala. Supply, LLC*, 199 F. Supp. 2d 1194, 1214 (M.D. Ala. 2001) (reasoning that even where there is a disparity in the size of the parties' businesses, if the defendant "knowingly and illegally placed itself in the position" to be harmed in the event that a preliminary injunction was granted, "the balance of harms should weigh

4

against that party.")  Additionally, Hammonds is not the subject of a blanket restriction on carrying on the same business or trade as Plaintiff; rather, he is expected not to solicit Plaintiff's existing customers and use Plaintiff's confidential information for a period of two (2) years beginning January 2016.  *See Digitel Corp. v. Deltacom, Inc.*, 953 F. Supp. 1486, 1498 (M.D. Ala. 1996) (finding that the absence of a blanket restriction mitigated the alleged harm to the defendants).

9.  The Eleventh Circuit also requires that the moving party show that the granting of the requested injunction would not disserve the public interest (a factor not explicitly included in Alabama's Rule 65 calculus).  Plaintiff submits that the relief it requests is sanctioned by and for the public.  The Alabama Legislature has codified the right of businesses such as Plaintiff to enter non-solicitation and confidentiality contracts with their employees to safeguard their "protectible" business interests.  *See* Ala. Code § 8-1-190, *et seq*.  The statute prescribes injunctive relief as an appropriate remedy where those interests have been compromised by a former employee, *id.* at §8-1-195;  and the statute declares itself to "express[ ] fundamental public policies of the State of Alabama," *id.* at §8-1-197.  For all these reasons, it cannot be argued that granting preliminary injunctive relief to Plaintiff would be contrary to the public's good.

10.  As stated in the original motion, Plaintiff is willing to comply with Rule 65's requirement for bond, if deemed necessary.

11. The sum of the relief Plaintiff seeks is set out in the original motion and is restated in the form of a proposed order, attached hereto as Exhibit A.

WHEREFORE, PREMISES CONSIDERED, Plaintiff moves this court for an expedited hearing and for the preliminary injunctive relief set out in the proposed order.

                              Respectfully submitted,

                              */s/ Thomas A. McKnight, Jr.*
                              Thomas A. McKnight, Jr.
                              tmcknight@wallacejordan.com
                              Ben B. Robinson
                              brobinson@wallacejordan.com
                              *Attorneys for Plaintiff DJR Associates,*
                              *LLC, d/b/a ChemStation of Alabama*

**OF COUNSEL:**

**WALLACE, JORDAN, RATLIFF & BRANDT, L.L.C.**
Post Office Box 530910
Birmingham, Alabama 35253
Voice:   (205) 870-0555
Facsimile:   (205) 871-7534

**CERTIFICATE OF SERVICE**

 I hereby certify that on this 24th day of October, 2016, a copy of the foregoing was filed using the Court's CM/ECF system, which will provide electronic notice to the following counsel of record:

 Marion Walker, Esq.
 Fisher & Phillips, LLP
 2323 2nd Avenue North
 Birmingham, AL 35203
 mfwalker@fisherphillips.com
 Counsel for Defendants

         */s/ Thomas A. McKnight, Jr.*
         Of Counsel